## Taylor v. McClure and Others.

JUDGMENT BY DEFAULT.—JUSTICE OF THE PEACE.—The judgment of a justice of the peace upon a default is not void because the summons and the return of the officer are not set out in the record. The statute does not require the process or the return of the officer to be copied into the record made by the justice.

SHERIFF'S SALE.—Complaint to set aside a sheriff's sale of real estate. The first paragraph alleged that the plaintiff derived title to the premises by deed from the execution defendant, and sought to avoid the sale on the ground that the judgment was void. The second paragraph admitted the lien of the judgment, and sought to avoid the sale on the ground that the property was susceptible of division, and had been sold *in solido*. The third paragraph was in the usual form of a complaint for recovery of the possession of land. To the second and third paragraphs, the defendant answered that the conveyance of the property by the execution defendant to the plaintiff was without consideration, and made to defraud creditors. *Held*, that the answer was bad; as to the second paragraph, because that

paragraph admitted the lien of the judgment, and did not assert any right under the deed against the judgment plaintiff, and the deed as between the parties was good; and as to the third paragraph, because that paragraph did not disclose the plaintiff's title, and the answer did not aver that the plaintiff had no other title than that derived from the deed.

DEED.—DELIVERY OF.—The leaving of a deed by the grantor at the recorder's office to be recorded, and the assertion of title under it by the grantee, is sufficient evidence of a delivery.

APPEAL from the *Montgomery* Circuit Court.

ELLIOTT, C. J.—Complaint by *Louisa J. Taylor*, the appellant, to set aside the sale and conveyance by the sheriff of lot twenty-four on the original plat of the town of *Crawfordsville*, and to recover the possession thereof. The complaint is in three paragraphs. The first alleges that six several judgments, amounting in the aggregate to about two hundred dollars, were rendered by certain justices of the peace, in favor of different parties, against one *William Bunch*, the father of the plaintiff; that executions were issued on said judgments and returned by the constables to whom they were delivered, "no property found whereon to levy;" that duly certified transcripts of said judgments were afterwards made out and filed in the clerk's office of the Court of Common Pleas of *Montgomery* county, and recorded in the order book of said court; that at the time said transcripts were so filed and recorded, said *Bunch* was the owner in fee of the lot described in the complaint; but that afterwards, on the 12th of *May*, 1859, he conveyed the same in fee, by deed of warranty, to the plaintiff; that executions were subsequently issued on said judgments by the clerk of the Court of Common Pleas of said county, and delivered to the sheriff thereof, who levied the same on said lot; and, after giving notice thereof, as required by the statute, on the 23d day of *July*, 1859, sold and conveyed said lot to the defendant *McClure*, the owner of said judgments.

This paragraph seeks to set aside the sheriff's sale and conveyance, on the alleged ground that the judgments upon which the sale was made were rendered on default,

without any legal notice to *Bunch*, the defendant therein, of the pendency of said suits, and are therefore void.

The second paragraph claims that the sheriff's sale is illegal and fraudulent, and should be set aside, for the alleged reason that at the time of the levy of said executions and the sale of the lot thereon, said *Bunch* had sufficient personal property to satisfy the same; but that the sheriff levied on and sold said lot, without first levying on or demanding of said *Bunch* said personal property. It is further alleged that the sale of said lot was irregular, illegal and wrongful, in this, that the whole amount due on said executions, including interest and costs, was only $220; that the lot and the buildings thereon were of the value of $2000; that the lot was divided, by a division fence across the center of it, into two parts, each of which contained a separate dwelling and out houses, and at the time of the levy and sale by the sheriff was, and for a long time prior thereto had been, used and occupied as separate dwellings; that at the time of the sale, either part of said lot, if it had been offered separately, would have sold for more than sufficient to satisfy said executions; that all of said facts were well known to the sheriff and to said *McClure* at the time of said sale, &c.

The third paragraph is in the ordinary form of a complaint for the recovery of the possession of real property. A demurrer was sustained to the first paragraph because it did not state facts sufficient to constitute a cause of action, to which the plaintiff excepted.

The defendant answered in four paragraphs. The first was a general denial, the others set up new matter in bar. The issues were tried by jury, resulting in a verdict and judgment for the defendants, the court having overruled a motion for a new trial.

The first error assigned is upon the ruling of the court in sustaining a demurrer to the first paragraph of the complaint. In that paragraph it is claimed, as before stated, that the judgments upon which the lot was sold were ren-

dered on default, without any legal notice to *Bunch*. The transcripts of the judgments are made part of the complaint. They are all substantially in the same form. We copy from one of them so much as relates to the issue and service of the summons, which will be sufficient to present the question involved as to all. It is in these words: "*October* 25th. At the request of . the plaintiffs summons issued, returnable *October* the 29th, 1858, at 10 o'clock A. M., and delivered to *James Mack*, constable. *October* 29th, 1858. This day came the plaintiffs. Defendant, although three times called, came not, but made default, and it appearing from the return of the summons that the same was served by reading, on the 26th day of *October*, 1858, and the plaintiff having made proof," &c.

It thus appears by the statement of the justice upon his docket, as a part of the record of the proceedings, that a summons was issued in the cause, and placed in the hands of a proper officer, and that it was returned served by reading, more than three days before the day of trial. But it is insisted by the appellant's counsel that as the judgment was rendered by default, the summons and the officer's return thereto should have been copied at length on the justice's docket, and that the transcript should contain them. We do not think so. It is provided by the eighteenth section of the justice's act that "every justice shall, in a substantially bound book, of not less than two hundred pages, keep a docket, in which he shall record the proceedings in full of all suits instituted before him, which record shall contain the names of the parties at full length, a copy of the cause of action and of the set-off of the defendant, if any, and all proceedings had therein, and the amount of the judgment, written out in words; and every such record of each cause shall, when completed, be signed by such justice," &c. 2 G. & H. 581.

This provision makes it the duty of the justice to keep a record of the proceedings in each cause; that is, he shall record the facts as they occur; but it does not mean that

he shall copy upon his docket the summons and other process that may be issued by him in the cause. The only papers required to be copied on the docket are the cause of action and set-off, if one be filed.

The statute prescribes certain forms for justices of the peace, which they are required to use as near as the circumstances will permit. Form No. 10 is for "judgment by default." The judgments under consideration are in precise accordance therewith.

The court did right in sustaining the demurrer to the first paragraph of the complaint.

The court overruled a demurrer to the fourth paragraph of the answer, which raises the next question urged by the appellant for a reversal of the judgment. This paragraph is pleaded to the second and third paragraphs of the complaint. It alleges that the conveyance of the lot by *Bunch* to the plaintiff was without consideration, and was made to hinder, delay and defraud the creditors of *Bunch*, and that it was executed by *Bunch* without the plaintiff's knowledge, and was never delivered to the plaintiff, but was filed by him in the recorder's office for record, &c.

The third paragraph of the complaint does not disclose the plaintiff's title, and there is no averment in the answer that she held no other claim or title to the lot than that by the conveyance referred to. It is not therefore a good answer to that paragraph of the complaint.

It is, if possible, still more defective as an answer to the second paragraph, which admits that the transcripts of the judgments under which the defendants claim title were filed and recorded in the clerk's office, and were liens on the lot, prior to the conveyance by *Bunch* to the plaintiff, but denies that the sheriff's sale was valid, because of the alleged mal-conduct of that officer in making it, and for that reason seeks to set it aside.

The facts alleged in the answer are not responsive to this paragraph of the complaint. The conveyance of the lot by *Bunch* to the plaintiff, even though without consideration, is

valid as between them, though liable to be impeached by the creditors of *Bunch.* That issue however does not arise under the second paragraph of the complaint, as it admits the prior lien of the judgments under which the defendants claim title. The leaving of the deed at the recorder's office by *Bunch,* the grantor, to be recorded, as admitted by the answer, and the assertion of title under it by the grantee, amounted to a delivery. *Somers* v. *Pumphrey,* 24 Ind. 231. The paragraph is clearly defective, and the court erred in overruling the demurrer, and for that error the judgment must be reversed.

Other questions, not likely to arise on another trial, are discussed by the appellant, but need not be noticed in this opinion.

The appellees assign for cross-error the sustaining of the demurrers to the second and third paragraphs of the answer.

Those paragraphs are clearly defective, and the court did right in sustaining demurrers to them.

The judgment is reversed, with costs, and the cause remanded, with instructions to the Circuit Court to sustain the demurrer to the fourth paragraph of the answer, and for further proceedings not inconsistent with this opinion.

*J. McCabe,* for appellant.

*S. C. Willson, J. M. Butler* and *Thomson & Ristine,* for appellees.