Strohmier *v.* Stumph.

---

# IN GENERAL TERM, 1873.

EDWARD STROHMIER, Appellant, *v.* JOHN STUMPH.

TRANSCRIPT—*from Justice, requirements of—*
JURISDICTION—*of Inferior Court.*

The summons, and officers return thereto, are not required to be copied at length on the Justice's docket. It is sufficient if such transcript shows the fact, that these, *inter alia,* statutory requirements, giving the Justice jurisdiction over the persons of the parties have been judicially passed upon by him.—*Newcomb, J.*

"Where the jurisdiction of an inferior court depends upon a fact, which such court is required to ascertain and settle by its decision, such decision is conclusive.

Where it appears from the record that the evidence of certain facts, requisite to give an inferior court jurisdiction, have been adjudged sufficient, a finding and judgment upon such jurisdictional facts cannot be impeached collaterally, hence an answer to a suit on such judgment, that the process was not served by the proper officer, is bad.—*Perkins, J.*

*Seidensticker—Taylor, Rand & Taylor,* for appellee.
*Oyler & Howe—Voss, Davis & Holman,* for appellant.

NEWCOMB, J.—The appellant sued Stumph and William Strohmier, before a Justice of the Peace of Marion county, on a judgment rendered against them in appellant's favor by a Justice of the Peace of Johnson county, Indiana. Process was returned " not found," as to the defendant Strohmier. Stumph was served, appeared to the action, and judgment was rendered against him, from which an appeal was taken to the Superior Court.

The trial at Special Term resulted in a finding for Stumph, and a judgment in his favor over plaintiff's motion for a new trial.

The only question in the case arises on the ruling of the Judge at Special Term, in rejecting as evidence a duly certified transcript of the Johnson county judgment, on which the suit was founded.

That transcript, after reciting the filing of the complaint and bill of particulars, shows the issuing of a summons and a delivery of the same to "Wm. Snyder, Marshal." The entry of the proceedings had on the return day of the summons, shows an appearance by the plaintiff, and adds "and the defendants William Strohmier, and John Stumph being called, came not, and it appearing that the summons in this case was duly served on each of them more than three days before the time set for trial, whereupon the witnesses were sworn and trial had," &c.

Does this transcript show that the Johnson county Justice had acquired jurisdiction of the defendants before hearing the cause and rendering his judgment? Neither the summons or return are set out in the transcript nor was it necessary that the Justice should copy them in his docket entry. *Taylor* v. *McClure et al.*, 28 *Ind.*, 39. We must therefore look to the docket entries of which the transcript is a copy, in deciding this question.

Had the Justice stated in his docket entry that the person to whom the summons was delivered was a Constable, the case would have been precisely like that of *Taylor* v. *McClure, supra,* but in the absence of that statement, it was held at Special Term that the transcript failed to show that the Justice had acquired jurisdiction of the persons of the defendants, wherefore the judgment was void. On the other hand, appellant's counsel assume that as the Justice found that the summons had been duly served the statutory period

prior to the trial, jurisdiction is shown, and the judgment cannot be attacked collaterally.

The Justices' Act, 2 G. H., 582, contains these provisions:

" SEC. XX. Suits may be instituted before Justices by agreement or process, and the delivery of the process to the officer authorized to receive the same, if by process, and the entry of the fact upon the docket, if by agreement, shall be deemed such commencement; and it shall be the duty of such officer to write on such process the date when it came to his hands."

"SEC. XXI. Except in cases otherwise provided, such process shall be a summons, specifying a time not less than three nor more than thirty days from the date, and a place at which the defendant shall appear," &c.

"SEC. XXII. Such summons shall be served at least three days before trial by reading the same to defendant, or or leaving a copy thereof at his last usual place of residence, and if not so served, such cause shall be continued for a reasonable time."

"SEC. LXI. If the defendant, being legally notified, fail to appear, judgment may be rendered against him by default, upon proof heard, for the amount of the plaintiff's demand."

These sections of the statute require a Justice of the Peace, before he can hear a cause and render judgment against a defendant who does not appear, to find that the process went into the hands of a proper officer, and was served on the defendant by him, at least three days before the day fixed for the trial, in one of the methods prescribed. If the summons has been so served, the Justice may proceed to a hearing in the absence of the defendant; if there has been no service, he must issue an *alias* process, and continue the cause for service, and if the process has been served, but not three days before the day set for the trial, he must continue the case for a reasonable time. These are facts that must

be judicially passed upon by the Justice. In the case under consideration the transcript shows that they *were* passed upon, and the finding was that the summons was duly served on the defendants, more than three days before the day set for trial.

In the *Evansville, &c., Railroad Company* v. *The City of Evansville*, 15 *Ind.*, 395, our Supreme Court say: " It is a well settled principle, that where the jurisdiction of an inferior court depends upon a fact which such Court is required to ascertain and settle by its decision, such decision is conclusive."

In *Sheldon* v. *Wright*, 1 *Selden*, 497, it was held that when certain facts are requisite to give an inferior court jurisdiction over the persons of parties, and it appears from the record of its judgment that there was evidence tending to prove such facts, and that such evidence was adjudged to be sufficient, such judgment cannot be collaterally impeached or contradicted. See, also, 2 *Smith's Leading Cases*, 832.

In the light of these authorities the judicial decision of the Justice that process had been duly served on the defendants, more than three days before the day set for hearing the cause, is one that must be respected by other courts when brought collaterally in question. There was nothing on the face of the transcript to a want of jurisdiction; on the contrary it shows that everything necessary to be done to give the Justice jurisdiction of the persons of the defendants had been done. The transcript should, therefore, have been admitted as evidence.

The judgment at Special Term is reversed, with costs, and the cause remanded with instructions to grant the plaintiff a new trial.

An appeal was again taken in this case upon another issue, when in the December Term, General Session, the former ruling of Judge Newcomb was adhered to in the following opinion by Judge Perkins :

Strohmier sued Stumph and another on a judgment ren-

dered by a Justice of the Peace of the County of Johnson, Indiana.

The judgment was rendered upon default of appearance by the defendants. The transcript of the judgment recites the filing of the complaint and bill of particulars, the issue of a summons to the defendants, and its delivery to Wm. Snyder, Marshal.

On the return day of the summons the following entry was made by the Justice, "January 17th, 1871, time set for trial. The plaintiff in person, and by Oyler & Howe, his attorneys, appeared, and the defendants William Strohmier and John Stumph, being called, come not; and it apt earing that the summons in this case was duly served on each of them more than three days before the time set for trial," and thereupon the Justice proceeded to hear proof of the claim, &c., and rendered final judgment for the plaintiff for one hundred and ninety-one dollars and costs.

The words " duly served " are required only to a statement that the summons was served on the defendants, by a proper officer, at proper times, and places, and in a proper manner, " more than three days," &c.; in short, that by what had been done, the Court had acquired jurisdiction of the persons of the defendants—that previous clerical entries as to the officer to whom process issued, inconsistent with this conclusion, were mistakes, or that the process, if issued to, and in a proper person, had been subsequently delivered to, and served by a proper officer.

It was accordingly decided in this case, when before this Court at a former term, that the above entry of the Justice showed a judgment of the Court, that service of process had been legally made, and that the Court had acquired jurisdiction of the persons of the defendants, and brought the case within the rule of law thus stated: " Where the jurisdiction of an inferior court depends upon a fact which

such court is required to ascertain and settle by its decision, such decision is conclusive, when it comes collaterally in question." (See the opinion at the former term by Judge Newcomb). The simple question that we have to decide in the case now, is this: Is an answer to a suit on a judgment showing such a finding as above stated on the fact of personal jurisdiction, avering that process was not served by a proper officer, good?

This Court was right in its former ruling that the entry of the Justice quoted above, was a finding and judgment upon a jurisdictional fact, not impeachable collaterally, then such an answer as that mentioned is bad. The Court adheres to the former ruling.

Judgment affirmed.

---

*Council for appellant, cited.*    *    *    *    *

The transcript in this case does not show a copy of the summons and return, nor does it show affirmatively who served the summons, but it does appear that summons was duly served more than three days before the judgment.

It was decided in 4 *Blackford*, 169, that such a judgment was a *nullity*.

In 5 *Blackford*, 332, it was decided to be *erroneous* merely, and not void.

In 7 *Blackford* all these decisions are *overruled*.

In 9 *Ind.*, 479, it is held under the statute, 2 vol. 1852, p. 159, that such judgment, in a particular case in Court of Record, was *erroneous*.

Again, in 28 *Ind.*, 39, that such judgment before a Justice of Peace is not *void*.

If it is only *voidable* on account of some irregularity of service, that irregularity is not available *here* and *now*, as there was another mode of correcting an *irregularity*, and having failed to avail himself of that mode, he cannot now attack the judgment as void.

But suppose the summons was served by a person not a Constable, may not any one serve a summons, and append an affidavit of service, and would a judgment by default be

Strohmier *v.* Stumph.

regular? or would it be irregular and voidale only? or would it be void? In New York it would be *regular*, and only irregular and voidable if served by plaintiff himself.

See 2 *Vol. N. Y. Practice,* (*Tiffany & Smith*) 204, §1. How much of this authority rests on the code and rules of practice of N. Y., we cannot say, but we have no authority local to our State to the contrary.

These remarks are made upon the theory that by proper plea or evidence, under the general issue the *service*, was properly before the Court.

On the same theory we may speculate a little on the law governing Mayors and Marshals of cities, to determine, if the question had been raised by plea or evidence, whether the service had been made by the City Marshal, or not, and whether if so made, it was *regular*, or irregular and voidable, or absolutely void? The Court will see by Chap. 11, §17, p. 68, 3 Vol. Statutes (by Davis,) that the Mayor has some jurisdiction as Justice of Peace "in all matters, civil and criminal," and that §18 of the same, the Mayor may for certain reasons deposit his Docket with a Justice, &c.; and that by Chap. 5, p. 75, §29, it is the Marshal's duty to attend upon and execute all process in Mayor's and Justices' Courts, and preserve order in all cases where he has served process to bring a party into Court—which means of course, in cases where the Justice is acting as Mayor—and when so acting as Mayor, may he not direct process to the Marshal? Or whether we regard the Justice as acting as Mayor, or as Justice, may he not under these provisions issue to a Marshal, and may not the Marshal make good service? and if *not good*, is it merely irregular, or is it void?

We find a strong confirmation of this view of the authority and duty of City Marshal by reference to 1. G. & H. 221, §23, where the Marshal is given all the power that is required in this case; under one rule of interpretation, we are to look to old law for light.

---

NOTE.—The jurisdiction of the Justice is to be determined in the appellate Court, not by the amount of the recovery, but by the amount legally due or actually claimed at the time judgment was rendered. *Crabtree* v. *Cliatt,* 22 *Ala.,* 181.

" The error complained of must *appear upon the record*, and unless points intended to be raised for revision, are set out in the record with reasonable certainty, so as to enable the Court to decide without danger of mistake, the exception, or point reserved will be disregarded." See *Hilliard on New Trials, p.* 500, *Sec* 58, *and note* 3.

The general rule is, that the proceedings in the Court below are *presumed to be right. Same* 505, *Sec.* 63, *and notes.*

The Court is confined to adjudication of errors of law upon the record, and cannot look beyond them. *Cathcart* v. *Com.,* 37 *Penn.,* 108. See *Hilliard on New Trials, p.* 507, *Sec.* 65, 551, 24.

A defect in a summons in a case before a Justice of the Peace cannot be taken advantage of in an appeal. *Metz* v. *Eddy,* 21 *Miss.,* 13.

The transcript must show jurisdiction in the Court from which it is sent. See *Hilliard on New Trials,* 586, *Secs.* 62-63 ; and the Court above has jurisdiction on appeal from a Justice of the Peace where the Justice had jurisdiction, however defective the service may have been, and by taking an appeal the appellant gives jurisdiction, even where there was not service. *Same,* 64, *and Swingley* v. *Haynes,* 22 *Illinois,* 214.

Where a limited tribunal exercises jurisdiction which does not belong to it, its decision amounts to nothing, and requires no appeal. See *Osgood* v. *Thurston,* 23 *Pick.,* 110 ; *Baltimore* v. *Porter,* 18 *Md.,* 284.

On appeal from a Justice, his rulings cannot be revised; *Harper* v. *Baker,* 9 *Miss.,* 116 ; the case must be retried on its merits in the Court above.

" A case will not be dismissed on appeal because the amount of damages awarded by the Justice exceeds his jurisdiction, nor because it exceeds the *ad damnum* of the writ. See *Wallace* v. *Brown,* 5 *Foster,* 216; *Spear* v. *Place,* 11 *Howard,* 522; *Prettyman* v. *Waples,* 4 *Harring,* 299; *McKinly* v. *McCalla,* 5 *Binney,* 600. See, also, *Hilliard on New Trials,* 604, *Sec.* 119.

As to statutory requirements, as to a return of the proper paper; see *Hilliard on New Trials,* 607, *Sec.* 133, *et seq.* See 1 *Greenleaf on Evidence,* 513, *and note.* Also, 5 *Mass.,* 260 ; 6 *N. H.,* 217 ; 3 *Ibid,* 108; 16 *John.,* 146; 6 *Mass.,* 399; 2 *Day,* 122; 6 *Blackford,* 545; 4 *do.,* 12, 176.—[REPORTER.