Stout *et al. v.* Dunning *et al.*

———————— ◆◆◆ ————————

No. 7120.

## STOUT ET AL. *v.* DUNNING ET AL.

LIFE-ESTATE.—*Words of Conveyance.*—A conveyance of real estate to A., subject to the condition expressed in the deed, that "B. is to have the privilege of a support off of said lands during his lifetime, without incumbrance," conveys a life-estate in the land to B., although B. is not named in the deed as a vendee.

DEED.—*Construction of.*—Such deed should be so construed as to carry out the intention of the grantor, and "without encumbrance" was intended to mean without incumbrance of, or impediment to, the rights of said B.

SAME.—*Delivery.—Acceptance.*—A delivery of a deed to one of several grantees is a sufficient delivery; and where such deed conveys land to one, subject to the life-estate of another, a claim of title under the deed by the tenant for life implies an acceptance of the conveyance on his part.

WASTE BY TENANT FOR LIFE.—*Action for Partition.*—Where a tenant for life commits actionable waste, he will be liable to all of the remainder-men; but such claim can not be adjusted in an action for partition of the land, when some of the remainder-men are plaintiffs and others defendants.

SAME.—*Pleading.*—In a complaint against a tenant for life for waste, an allegation that he sold and destroyed timber, without some description of the timber sold, or some statement of the attending circumstances, is too indefinite to show waste on the part of such tenant for life.

PARTITION.—*Remainder-Man.*—A partition of lands by remainder-men can not be had during the existence of a life-estate therein.

From the Monroe Circuit Court.

*J. H. Louden* and *R. W. Miers*, for appellants.

*J. W. Buskirk, H. C. Duncan* and *W. C. L. Taylor,* for appellees.

BIDDLE, J.—Complaint for the partition of lands by the appellees against the appellants. James B. Stout answered the complaint by a general denial, which was afterward withdrawn, and also by two special paragraphs. The second paragraph, pleaded by James B. Stout separately, admitted an interest in the complainants in said lands, but averred that all of said real estate was subject to a life-estate in himself; that said real estate, in the year 1862, was owned by Daniel Stout; that said Daniel Stout and wife conveyed the same to the grantors of the plaintiffs, who are the children of James B. Stout, subject to a life-estate in this defendant, making the deed an exhibit. James B. Stout is not named as a vendee in the premises of the deed, but it contains a condition in his favor in the following words:

"A condition in the foregoing conveyance is that the said James B. Stout is to have the privilege of a support off of said lands during his lifetime without incumbrance."

The third paragraph of James B. Stout's answer sets up the same deed and condition, and is not different from his second paragraph, except that it avers that, by mutual mistake of the grantors and grantees, "said deed of conveyance reserved to this defendant the right of support off of said lands during his natural life, instead of a life-estate to this defendant in said lands, as was agreed upon and understood by the grantors and the grantees."

The court sustained a demurrer, for want of facts, to each of these paragraphs. Judgment was then had on the demurrer for the appellees, and the lands, not being susceptible of division, decreed to be sold, etc.

Does the condition expressed in the deed entitle James B.

Stout to a life-estate in the lands sought to be partitioned? Whether the words of the condition in the deed would have conveyed to James B. Stout a life-estate at common law, we need not inquire; but we are of opinion that the condition entitles him to a life-estate in equity. The words, "to have the privilege of a support off of said lands during his lifetime, without encumbrance," express a sufficient *habendum* to support his claim. He could not obtain such a support from the land without possessing it, and could not obtain his support, without encumbrance, unless he possessed the land exclusively. The fact that James B. Stout is not named as a vendee in the premises of the deed would not affect his right in equity. *Prior* v. *Quackenbush*, 29 Ind. 475.

This court has held that partition of lands by a remainder-man can not be had during the existence of a life-estate therein. *Nicholson* v. *Caress*, 59 Ind. 39; *Schori* v. *Stephens*, 62 Ind. 441.

We think the court erred in sustaining the demurrer to the second and third paragraphs of the answer of James B. Stout.

The judgment is reversed, at the costs of the appellees; cause remanded with instructions to overrule said demurrer and for further proceedings.

### ON PETITION FOR A REHEARING.

WORDEN, J.—The appellees have filed a petition for a rehearing in this case, and we have again considered the questions involved.

The words of the deed, on which the main question depends, are as follows: "A condition in the foregoing conveyance is, that the said James B. Stout is to have the privilege of a support off of said lands during his lifetime, without encumbrance."

When the case was under consideration before, we

thought, not without some doubt, that the words were suffi-
cient to vest a life-estate in the premises in James B. Stout.
We are still of the same opinion, though the question is not
free from difficulty.

The deed was not skilfully drawn, but should be so con-
strued as to carry out the intention. The closing words,
above quoted, "without encumbrance," were obviously not
intended to mean without encumbrance to the estate of the
grantees of the fee; but without encumbrance of, or im-
pediment to, the right of James B. Stout. Burden, clog,
load, impediment, are synonyms of encumbrance. James
B. Stout, then, was to have the privilege of a support off
the land, and this privilege was not to be encumbered or im-
peded.

He could not have his support off the land without the
use and occupation of it. The right to such support from
the land involves the use and occupation, as, without the use
and occupation, he could not derive his support from it.
And it seems to us that a life-estate was as effectually con-
veyed to him as if the deed had provided that he should
have the use and occupation, or the rents and profits, of the
land for life.

Some analogy may be drawn from the law on the subject of
wills. In 2 Jarman Wills, 5th Am. ed., top p. 403, it is said:
"A devise of the rents and profits or of the income of lands
passes the land itself both at law and in equity," etc.
Again, on the next following page, it is said: "A devise
of the 'free use,' or of the 'use and occupation' of land,
passes an estate in the land, and consequently a right to let
or assign it, and is not confined to the personal use or occu-
pation of the property, unless the context clearly calls for
the more limited construction."

In *Thompson* v. *Schenck*, 16 Ind. 194, it was said by this
court: "It is clear, that a devise of the rents and profits of
land is equivalent to a devise of the land itself, and will

Stout *et al.* v. Dunning *et al.*

carry the legal as well as beneficial interest therein. So, also, a devise of the *income* of land to the use of the devisee during his life, confers upon him a life-estate in the land. *Butterfield* v. *Haskins*, 33 Me. 392. So, again, a devise giving to the wife of the devisor 'the use and benefit' of all the real and personal property of the testator, as long as she remains a widow, gives her a life-estate. *Rumsey* v. *Durham*, 5 Ind. 71.''

But it is claimed by counsel for the appellees that no acceptance of the deed by James B. Stout was shown. They say in their brief, ''There may have been an intention of the grantor to create a life-estate, and the language might have been so clear that there could be no misunderstanding it, yet, if it was not accepted, it was never executed, and, hence, would be a nullity. The answer is entirely silent on this question of delivery and acceptance.'' The answer alleges that Daniel Stout and his wife conveyed the property to the plaintiffs' grantors subject to the life-estate. This implies a delivery of the deed to the plaintiffs' grantors, and an acceptance by them. A delivery to one of several grantors is a sufficient delivery, and the fact that James B. Stout is claiming title under the deed sufficiently indicates an acceptance of it on his part. *Somers* v. *Pumphrey*, 24 Ind. 231 ; *Taylor* v. *McClure*, 28 Ind. 39.

The appellees also insist that the paragraphs of answer did not answer the whole cause of action, in this, that there was a claim for waste in the complaint not answered. If the tenant for life committed actionable waste, he would be liable to the whole of the remainder-men, and it would seem that such claim could hardly be adjusted in an action for partition, where some of the remainder-men are plaintiffs and some defendants. But, however this may be, we are of opinion that no waste was shown in the complaint. The complaint alleged ''that said James B. Stout has been in possession of said real estate, without right, for the last twenty

:years, enjoying the benefit of the rents and profits thereof ; that he has also, during the whole of said time, been plow- ing up the grass on said lands, destroying and selling large quantities of saw-logs, wood and other valuable timber, to the damage of said real estate, $1,000.'' Prayer for parti- tion ; that the title in the owners be quieted against defend- ants William B. Stout, Charles Stout, Lucy Stout and —— Stout ; that an accounting be had of the rents and profits of said real estate, and that they have judgment against said James B. Stout for $1,000 for said rents and profits, and, also, for said waste so committed, etc.

We can not say that it is waste in a tenant for life to plow up the grass, nor that the destroying or selling of tim- ber is waste, without some description of the timber de- stroyed or sold, or some statement of the attending circum- stances. A life-estate in a tract of uncleared timber land would be of little value unless some portion of the timber could be removed for cultivation. Such a tract of land, with such a restriction, could scarcely afford the tenant a ''support.'' Again, the timber destroyed or sold, though then valuable, may have been in such a state of decay as to be of no use whatever to the remainder-man. It is not al- leged that the timber was standing or growing timber. The allegations of the complaint are too indefinite to show waste on the part of the tenant for life.

It is finally urged that, conceding the existence of the life- estate in James B. Stout, the remainder-men may have par- tition of the remainder during the existence of the life- estate, and we are asked to overrule the case of *Schori* v. *Stephens*, 62 Ind. 441, on this point. We see no necessity of, or good purpose to be accomplished by, parting land be- tween remainder-men, while it is all in the enjoyment and possession of the life tenant. The remainder-men could not take possession of any portion of their respective shares, if set apart to them, until after the termination of the life-

estate. Circumstances might so change in the meantime as that a partition during the life-estate might turn out to be very unequal and unjust at the time the remainder-men are entitled to the possession of their respective shares.

We think there is no sufficient reason for overruling the case above mentioned.

We decide nothing in respect to cases where the life-estate extends to a part only of a tract of land sought to be parted. See act of 1859, 2 R. S. 1876, p. 343.

The petition for a rehearing is overruled.