## MYERS ET AL. v. CULLUM.

[No. 18,489.　Filed Nov. 22, 1898.　Rehearing denied Feb. 21, 1899.]

From the Carroll Circuit Court.　*Affirmed.*

*L. D. Boyd, J. C. Moore* and *O. H. Carson,* for appellants.
*W. C. Smith* and *G. W. Julien,* for appellee.

MONKS, J.—Appellee brought this action to recover the possession of 100 acres of real estate in Carroll county, and for damages, and recovered judgment for possession. It appears from the record that William Cullum and Annie Cullum, his wife, the parents of appellee and the grandparents of the appellant Alvin W. Cullum, executed a deed conveying the 100 acres of real estate in controversy to said Alvin W. Cullum, the son of appellee, with the following provision immediately following the description of the real estate in said deed: "This deed being made to Alvin W. Cullum, son of Robert W. Cullum, the said Robert W. Cullum is to have his support off of said described land during his natural life." The contention in this cause is as to the proper construction of said clause in the deed. If said deed conveyed to appellee a life estate the judgment of the court below ought to be affirmed, otherwise it is to be reversed.

In *Stout* v. *Dunning,* 72 Ind. 343, the following provision was contained in a deed immediately following the description of the real estate: "A condition in the foregoing conveyance is that the said James B. Stout is to have the privilege of a support off of said lands during his lifetime without encumbrance." And this court held that said deed conveyed to said Stout a life estate in said lands. The court said: "He could not have his support off the land without the use and occupation of it. The right to such support from the land involves the use and occupation, as, without the use and occupation, he could not derive his support from it. And it seems to us that a life estate was as effectually conveyed to him as if the deed had provided that he should have the use and occupation, or the rents and profits, of the land for life."

The provision in the deed in this case is substantially the same as that in the case of *Stout* v. *Dunning, supra,* which case was cited with approval in. *Williams* v. *Owens.* 116 Ind. 70, 72. The use of the closing words "without encumbrance" in that case added nothing to the remainder of the clause. If said words had not been used the privilege of Stout to support off of said lands would have been the same, that is, not to be encumbered or

State, *ex rel.*, *v.* Luse.

impeded. The decision in that case did not depend upon said words, but upon the fact, as stated by the court, that "the right to such support from the land involves the use and occupation, as without the use and occupation he could not derive a support from it."

This case is ruled by said case of *Stout* v. *Dunning*, *supra*, and said deed therefore conveyed a life estate in the land in controversy to appellee.

The judgment is therefore affirmed.