CASE 33—PETITION ORDINARY—MAY 15.

# Ward v. Small's Adm'r.

APPEAL FROM HENDERSON CIRCUIT COURT.

1. DELIVERY OF DEED.—A deed, to become effective, must be delivered to the grantee or his agent, or such circumstances must be shown as will raise a reasonable presumption of its acceptance by him.

2. ASSUMPSIT FOR USE AND OCCUPATION OF LAND.—Where one controls the land of another by his sufferance, recognizing him as the owner of the land, assumpsit for use and occupation will lie.

3. LANDLORD AND TENANT—PRINCIPAL AND AGENT.—If one takes possession of land as agent, and uses or controls it, the law applicable to landlord and tenant controls.

4. ASSUMPSIT DOES NOT LIE FOR THE USE AND OCCUPATION OF PREMISES unless the relation of landlord and tenant exists by virtue of express or implied contract.

JOHN YOUNG BROWN AND S. B. & R. D. VANCE FOR APPELLANT.

1. It is essential to the validity of a deed that there should be a delivery either to the grantee himself or to his authorized agent. Registration of itself does not operate as a delivery, nor does it supersede the

necessity of proof of delivery.  (Jackson v. Phipps, 12 John., 418; Hawkes v. Pike, 105 Mass., 560; Robinson v. Gould, 26 Iowa, 891; Kingsbury v. Burnside, 58 Ill., 310; Ins. Co. v. Campbell, 95 Ill., 267; Young v. Guilbeau, 3 Wall., 639; Commonwealth v. Jackson, 10 Bush, 424.)

2. Assumpsit does not lie for the use and occupation of premises unless the relation of landlord and tenant has existed. (Rogers v. Wiggs, 12 B. M., 504, 505.)

The relation of landlord and tenant exists only by virtue of a contract, express or implied. (Taylor's Landlord and Tenant (4th ed.), sec. 636, and note 1; Idem, chap. 1, secs. 19-21, and notes.)

3. Actual possession is necessary to maintain trespass. (Neely v. Butler, 10 B. M., 48, 50; Railroad Co. v. Esterle, 13 Bush, 667.)

4. An action for mesne profits can not be maintained by the owner of land until he has recovered possession. (Harris v. Jones, 6 B. M., 388.)

R. H. CUNNINGHAM FOR APPELLEE.

1. The delivery of a deed at the time of its date will be presumed, nothing appearing to the contrary. (McConnell v. Brown, &c., Litt. Sel. Cases, 466; Breckinridge v. Todd, 3 Mon., 54; Masterson's Heirs v. Marshall's Heirs, 5 Dana, 418; Ford v. Gregory's Heirs, 10 B. M., 180.)

No formal delivery is necessary; a delivery may be inferred from the acts of the parties. (Hughes v. Eastin, 4 J. J. Mar., 573; McCoy, &c., v. Hill, 2 Litt., 375.)

From the delivery of a deed to a third person, or to the proper registering officer, there arises a presumption of acceptance by the grantee. (Inlow v. Thomas, 6 Mon., 75; Walker v. Walker, 42 Ill., 311; Rivard v. Walker, 39 Ill., 413; Robinson v. Gould, 26 Iowa.)

Where a deed delivered to an unauthorized third person is afterwards accepted by the grantee, it takes effect as between the parties from the time of the first delivery. (Bell v. Farmers' Bank, &c., 11 Bush, 39.)

2 From the facts of this case the law will imply both the relation of landlord and tenant and a contract to pay rent. (Jones v. Tipton, 2 Dana, 295; Couch v. Briles, 7 J. J. Mar., 258; Logan v. Lewis, 7 J. J. Mar., 6; Hall v. Jacobs, 7 Bush, 595; Farrow v. Edmundson, 4 B. M., 605; Taylor's Landlord and Tenant, secs. 19, 20.)

At least from the time Ward informed Small of what he had done, his holding was with Small's consent; and in such case assumpsit for use and occupation lies. (7 J. J. Mar., 6 and 257; Johnson v. Beauchamp, 9 Dana, 125; 6 Wait's Actions and Defenses, 226; Taylor's Landlord and Tenant, sec. 655.)

A contract for use and occupation is implied on proof of title in

Ward v. Small's Adm'r.

plaintiff and occupation by defendant, unless the occupation be of such character as to negative the existence of such a tenancy.   (Clark v. Green, 35 Ga., 92.)

Ward's taking possession of the land as agent made him, in law, a tenant of the owner, and he so continued until he notified Small that he held adversely, which was never done.   (4 B. M., 605; Taylor's Landlord and Tenant, secs 19, 20.)

Although the renting out may have been done without authority, Small ratified it by this suit and the previous demand for rents collected.   (5 Bush, 549; 10 B. M., 349.)

JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The petition in this case avers in substance that R. A. Small, being the owner of a certain tract of land under a deed made to him in 1875 by W. G. Taylor, the appellant, Thomas E. Ward, being aware of such ownership, took possession of it, and, assuming to act for Small, and representing himself as his agent, rented it out for the years from 1882 to 1886, inclusive; that its rental value was one hundred dollars per year; that Ward, by himself and tenants, used it during the years named, he promising Small to pay him the rent he received, but failed to do so, and wrongfully transferred the rent bond for 1886, as well as surrendered the possession of the land to another party.

It appears that for the first three years the rent was paid in improvements upon the land. The rent received by Ward for 1885 was fifty dollars, and the rental bond for 1886, disposed of by him, was for sixty dollars. The jury returned a verdict for these two sums only. The two grounds mainly relied upon for a reversal are, first, that it was not shown that Small was the owner of the land, because he never accepted the deed from Taylor; second, that Ward

was not the tenant of Small, and, therefore, could not be sued by him in *assumpsit* for the use of the premises.

It is requisite to every deed that it be delivered, and also that it be accepted. Kent says: "Delivery is another incident essential to the due execution of a deed, for it takes effect only from delivery." (4 Kent, Comm., 454.) This does not mean that there must be a manual delivery to the grantee. It may be delivered to his agent; also a delivery to the recording officer or a stranger will be valid, and the acceptance by the grantee presumed from his conduct without an express acceptance. The delivery and acceptance may be by doing something and saying nothing, or by speech without act, or by both. They may, of course, be found to have taken place from conduct alone. The conveyance is not binding, however, upon the grantee unless he has in some way assented to it. He can not be made the purchaser without his knowledge or consent. Its acceptance, especially as it is for his benefit, may be presumed from his conduct; but this presumption is not a conclusive one, and it in itself shows that an acceptance is essential.

Mr. Washburne says: "The better opinion seems to be that no deed can take effect as having been delivered until such act of delivery has been assented to by the grantee, and he shall have done something equivalent to an actual acceptance of it." (2 Washburne on Real Property, page 581.)

The prevailing doctrine appears to be that a deed, to become effective, must be either delivered to the

grantee or his agent, or such circumstances must be shown as will raise a reasonable presumption of its acceptance by him. He certainly may decline to accept it prior to the doing of an act equivalent to an acceptance, although by legal fiction the presumption of an actual acceptance by him exists for his benefit as against the grantor and his heirs or devisees from the time the grantor delivers it to any one for the benefit of the grantee.

These views, we think, are supported by many cases, among which are Jackson v. Phipps, 12 John., 418; Thompson's Heirs, &c., v. Jackson, &c., 10 Bush, 424, and Bell v. Farmers' Bank, &c., 11 Bush, 34.

In this instance it appears that the deed was delivered by Taylor to one Atkinson, who had no express authority from Small to receive it, and was not empowered to act as his general agent. He had, however, for many years been attending to various matters for Small, who lived remotely, and of this Taylor was aware. Atkinson testifies that he can not say how long before the reception of the deed he had attended to any thing for Small; says it may have been two and it may have been ten years: and, although he had no communication with Small as to the deed, yet he would not have received it, and had it recorded, as he did, unless he had thought he had the authority to do so.

We are inclined to the opinion that he was so far Small's agent as to render a delivery of the deed to him for Small effective; but even if not, yet Small certainly knew of it subsequently, and ratified it. The appellant himself testifies that, prior to the year 1885, he applied

to him to purchase the land, telling him he had been renting it out, and that Small declined to confer with him upon the subject, saying he had not authorized the renting. Moreover, before the bringing of this suit, he demanded the rents of the appellant. All this shows plainly that Small knew of the existence of the deed, and had accepted it. It is also proven that Taylor, prior to his death, told at least two parties that he had sold the land to Small.

It is true that *assumpsit* does not lie for the use and occupation of premises, unless the relation of landlord and tenant exists by virtue of express or implied contract. Waiving the question whether this is such an action, or merely one to recover from the appellant money collected by him for Small, yet the verdict only embraces the rent for the years 1885 and 1886, and the appellant knew of the existence of the Taylor deed prior to 1885, and in person informed Small that he had been renting the land, and applied to him to buy it. He informed the owner of what he had been doing with his land, and tried to purchase it from him. Most assuredly, a privity then arose between them, and the appellant, from that time at least, controlled the land as belonging to Small, and by his sufferance. This being so, even the action of *assumpsit* for use and occupation would lie against the appellant. He took possession of the land as agent. He rented it at the outset, styling himself as "agent," but without naming his principal in the lease. It is somewhat curious that he is unable to say as agent for whom; but it is evident that, at least from some time prior to 1885, he recognized Small as the owner

of the land.   Even if one takes possession of land as agent, and uses or controls it, the relation of landlord and tenant arises.   (Farrow's Heirs v. Edmundson, &c., 4 B. M., 605.)

Upon the appellant's own evidence, we think it apparent that he was holding the land for Small, and he has by the verdict been made liable only for what he actually rented the land for after a time when he unquestionably recognized Small's claim to it.   Certainly the judgment is as favorable to him as he had any good reason to expect.

The instructions given to the jury conformed to the views above expressed.   Those asked by the appellant, so far as they embraced correctly the law of the case, were comprehended by those given by the court.   There is a cross-appeal.   The ground of it does not clearly appear.   The appellee excepted to the rejection of certain testimony offered by him, and we infer the object of the cross-appeal is to test the correctness of the ruling of the lower court in this respect. The conclusion we have reached as to the main appeal renders it unnecessary to consider the cross-appeal, and it is, therefore, dismissed.

Judgment affirmed.