NATHAN H. WILLIAMS

*v.*

ALONZO WILLIAMS *et al.*

*Filed at Mt. Vernon January 16, 1894.*

1. DELIVERY OF DEED—*in case of voluntary settlements.* The presumption of the delivery of a deed in case of a voluntary settlement is stronger than in a case of bargain and sale.

2. SAME—*sufficiency of evidence to show a delivery.* If a grantor, with or without any previous arrangement with the grantee, executes a deed, and has it recorded, and notifies the grantee, who, by words or acts, accepts the conveyance, the delivery of the same will be sufficient, as the actual possession of the deed by the grantee is not indispensable.

3. The declaration of a father of his intention to convey land to his sons, the execution of the deed, the recording of the same with knowledge of its contents and legal effect, his declaration of having made such deed, and the grantees entering on the land, repairing fences, clearing land and setting out fruit trees thereon, when shown, will be sufficient evidence of the delivery and acceptance of the deed, and passes the title beyond the grantor's power of resumption.

WRIT OF ERROR to the Circuit Court of Clay county; the Hon. C. C. BOGGS, Judge, presiding.

Plaintiff in error filed a bill in chancery in the circuit court of Clay county, seeking to set aside a deed made by him to defendants in error. By his original bill he averred the deed had been executed by him and placed on record, and there was no consideration for its execution, and it had never been delivered. An amendment was filed, by which it was further averred that appellant intended to make a will, and devise the premises in the deed described to his three sons, and went to a justice of the peace for that purpose, where he was advised that a deed would have the same effect as a will, and complainant relied upon that advice and executed a deed, believing and intending it should have the same effect as a will, and did not intend to place the title beyond his control, and that he did not understand the effect of the instrument until after he had it recorded, but all the time believed it had the effect of a will in law and fact.

The deed was made on September 12, 1891, and named a consideration of $1500, and a reservation to the grantor of the full possession and control of the land during his natural life, and the bill avers that the consideration was never paid. The answer admits the $1500 was never paid, but avers the plaintiff in error informed the defendants that a deed had been made by him conveying the land to them, and that they had made improvements on the land by reason of the conveyance, and plaintiff knew they were so doing. The record shows that plaintiff informed defendants and said to others he had conveyed the land to defendants, and they could improve the same. He had the deed recorded, and stated the purpose of so doing. Some time prior to the execution of the deed, his wife, the mother of these defendants, was ill, and died prior to the execution of the deed by plaintiff, and before her death she gave to one of the defendants money and notes to the amount of over $200. Before the execution of the deed plaintiff requested the defendant who had possession of that money and notes to turn the same over to him, the

plaintiff, stating he was going to convey the land to the defendants in error. The mother of defendants in error died in 1890, and the deed was executed in 1891, and some time subsequent thereto plaintiff in error again married, and afterward filed the bill in this cause. On hearing, the circuit court dismissed the bill, and the complainant sued out this writ of error.

Messrs. MONROE & THOMASON, for the plaintiff in error:

There can be no delivery of a deed without an acceptance, and the recording of an instrument without the knowledge or consent of the purchaser is of no effect until it has been accepted. *Herbert* v. *Herbert*, Breese, 354; *Insurance Co.* v. *Campbell*, 95 Ill. 267; *Weber* v. *Christen*, 121 id. 91.

Delivery of a deed is essential to render it operative. *Byars* v. *Spencer*, 101 Ill. 430; *Skinner* v. *Baker*, 79 id. 496.

The very essence of the delivery is the intention of the parties. *Cline* v. *Jones*, 111 Ill. 567.

Act and intention are the two elements or conditions essential to a delivery of a deed. *Weber* v. *Christen*, 121 Ill. 91; *McElroy* v. *Hiner*, 133 id. 156.

To constitute a sufficient delivery of a deed there must be a clear manifestation of the intention of the grantor that the deed shall pass title at the time, and that he shall lose all control over it. *Bovee* v. *Hinde*, 135 Ill. 137.

But in this case the grantor did not intend that the instrument should take effect until his death, hence it is an ambulatory disposition of property, and therefore void, because not in compliance with the Statute of Wills. *Cline* v. *Jones*, 111 Ill. 569; *Byars* v. *Spencer*, 101 id. 430; *Hayes* v. *Boylan*, 141 id. 400.

The intention of the maker, not as to the form and character of the instrument, but as to the nature of the estate conveyed, is the criterion by which to determine whether the paper is a deed or a will, and if the intention gathered from

the whole paper is that the estate is not to pass or the instrument to take effect until his death, it is a will, and not a deed. Martindale on Conveyances, p. 535, sec. 520; *Roth* v. *Michalis*, 125 Ill. 325.

Messrs. HAGLE & SHRINER, for the defendants in error:

There is, in our opinion, but one question to be passed on, and that is, was the deed delivered. There is no conflict in the evidence, nor is it voluminous, and it remains only for this court to say whether or not there was delivery. On this question we cite *Sowerby* v. *Arden*, 1 Johns. Ch. 256; *Bryan* v. *Wash*, 2 Gilm. 568; *Masterson* v. *Cheek*, 23 Ill. 72; *Reed* v. *Douthit*, 62 id. 348, and authorities cited.

Where a grantee who is under no disability is aware of the conveyance to him, and does not dissent, and the conveyance is positively beneficial to him or her, acceptance will be presumed. *Moore* v. *Flynn*, 135 Ill. 74.

By directing the deed to be recorded, and by its record, the grantor gave to the public and the grantees the most solemn assurances in his power that he had transferred his title to his youngest children, and he can not be permitted to resume it at pleasure, because he may have afterward inclined to regret his act. *Rivard* v. *Walker*, 39 Ill. 413.

The decisions are uniform that the possession of a deed by the grantor, even until his death, does not invalidate or defeat it, if the circumstances or facts show that it was a voluntary or family settlement. *Vilbus* v. *Beaumont*, 6 Vern. 100; *Bole* v. *Newton*, 6 id. 464; *Bouse* v. *Winthrop*, 1 Johns. Ch. 329; *Reed* v. *Douthit*, 62 Ill. 348; *Masterson* v. *Cheek*, 23 id. 73; *Walker* v. *Walker*, 42 id. 313; *Bryan* v. *Wash*, 2 Gilm. 569.

The law makes stronger presumptions in favor of delivery in cases of voluntary settlement on a child, than in case of a bargain and sale, as has been frequently recognized. *Cline* v. *Jones*, 111 Ill. 563; *Weber* v. *Christen*, 121 id. 94.

Mr. JUSTICE PHILLIPS delivered the opinion of the Court:

It is apparent from an examination of this record that the only question of law arising is as to whether there was a delivery of the deed by plaintiff in error to the defendants in error. The evidence shows that after the execution of the deed he stated that the deed had been made and recorded, and the making and recording were the carrying out of a previously expressed intention, and, from the evidence in this record, the grantor knew the effect of the deed. By its terms he had reserved the control and use of the premises to himself during his natural life, and by his declarations had encouraged the making of repairs and improvements thereon by the grantees, which was done by them. The deed was, from the evidence, a voluntary conveyance, and the presumption of the delivery of a deed in a case of a voluntary settlement is stronger than in a case of bargain and sale. *Masterson et al.* v. *Cheek et al.* 23 Ill. 72; *Bryan et al.* v. *Wash et ux.* 2 Gilm. 557; *Reed et al.* v. *Douthit et al.* 62 Ill. 348; *Rivard et al.* v. *Walker et al.* 39 id. 413; *Cline et al.* v. *Jones et al.* 111 id. 563.

If a grantor, with or without any previous arrangement with the grantee, executes a deed and has it recorded, and notifies the grantee, who, by words or acts, accepts the conveyance, the delivery is sufficient, as the actual possession of the instrument is not indispensable. (*Kingsbury* v. *Burnside et al.* 58 Ill. 310.) Here, the declaration of the intention to convey the land, the execution of the deed, the recording of the same, the declaration of having made the deed, and the grantees entering on the land, repairing fences, clearing land and setting out fruit trees, are all shown, and this is sufficient to show a delivery and acceptance of the deed according to its terms. The title having been thus conveyed, could not be resumed by the grantor, and no acts of the grantees show any reason for divesting them of title.

It was not error to dismiss complainant's bill, and the decree is affirmed.

*Decree affirmed.*