EMMA SHEPLEY

*v.*

ELIZABETH LEIDIG *et al.*

*Opinion filed February 20, 1901.*

DEEDS—*when deed is effective to re-convey title.* A deed from daughter to father, purporting to re-convey certain property which he had put in her name, is effective to re-convey title where it was duly executed, acknowledged and delivered, and was found among the father's papers and recorded after his death, and there is no evidence that the daughter did not know she was making a deed or that the father did not accept it as a conveyance.

APPEAL from the Circuit Court of Fayette county; the Hon. S. L. DWIGHT, Judge, presiding.

F. M. GUINN, and F. M. WHITEMAN, for appellant.

S. A. PRATER, B. W. HENRY, and BROWN & ALBERT, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

On October 12, 1896, George Leidig was the owner of lot 5 and part of lot 6, in block 53, in the city of Vandalia, improved with a brick store building and several outbuildings. He owned a stock of general merchandise and carried on business in the store room on the first floor, and appellant, Emma Shepley, his daughter, with her husband and family, lived in the second story. On that day said George Leidig and wife conveyed said real estate to his said daughter, the appellant, for the expressed consideration of one dollar, love and affection and other good considerations. At the same time appellant and her husband re-conveyed the property to said George Leidig for the expressed consideration of $5000, but no consideration was in fact paid for either transfer. The deed to appellant from her father was recorded, but

the deed of re-conveyance was not recorded in the life-
time of George Leidig. He died October 12, 1899, and the
deed was afterward found in his desk at the store among
other papers which belonged to him, and was then re-
corded. Appellant filed her bill in this case to set aside
as a cloud upon her title this conveyance back to her
father, and also a certain mortgage which she alleged
had been paid. The bill was answered and a cross-bill
for partition was filed by the minor defendants, claiming
that the property was owned by George Leidig and de-
scended to his heirs. Robert Leidig, one of the heirs,
having become of age, filed a second cross-bill for parti-
tion. Each of the cross-bills was answered by the com-
plainant in the original bill and the cause was heard.
A decree was entered finding that the title to the prop-
erty was in George Leidig at his death, and not in com-
plainant, and dismissing her bill, ordering a partition of
the lands under the first cross-bill and dismissing the
second cross-bill of Robert Leidig.

Complainant alleged that she obtained title to the
property by the deed from her father; that in making
the re-conveyance to him she did not know that she was
executing a deed but simply signed such papers as were
presented to her, and that her father did not receive and
accept the deed as conveying title to him. There is no
evidence whatever as to complainant's deed to her father,
except that it was made, acknowledged and delivered
and was found among his papers after his death. The
deed was effective to re-convey the title, and there is no
evidence that complainant did not know what she was
doing or that her father did not accept the deed as a con-
veyance. At the time George Leidig made the convey-
ance to complainant he had a wife, Elizabeth Leidig, and
five children, all of whom were minors except complain-
ant, and when he made the deed in question he executed
four other deeds without consideration, conveying by the
five deeds substantially all of his property to his chil-

dren. The deeds were all filed for record on the same day. The other children retained the several pieces of property conveyed to them, and the only real objection to the re-conveyance is, that it will cause complainant to share the property of her father unequally with the other children. If that result must follow, the law is powerless to relieve her under the evidence in the case. After the conveyances were made, complainant continued to occupy the rooms upstairs, and her father carried on the business in the store room until about six months before his death. The land he had deeded to his son Robert was then sold for $4000, and he took the money and turned over the stock to Robert, and Robert was to pay each of his younger brothers $500. On two occasions after the conveyance to complainant, while the title of record stood in her and her re-conveyance was not recorded, her father borrowed money on the premises and procured complainant and her husband to execute mortgages, telling the lenders that the property belonged to the complainant and that she would sign the mortgages. He told some persons that he had given complainant the store building, while he told others that it belonged to him. There is evidence that he was involved in some way in a bank that had become insolvent, having liabilities to be met, and that he told his sister when his deeds were made that he made them on account of the bank trouble, and that if she was not in the same trouble he would have deeded the property to her. His inconsistent statements are not sufficient to show that he did not accept the deed as a conveyance.

The decree of the circuit court is affirmed.

*Decree affirmed.*