CORNELIUS F. CREEDEN *vs.* JOHN F. MAHONEY.

Essex.   November 7, 1906. — January 2, 1907.

Present: KNOWLTON, C. J., HAMMOND, BRALEY, SHELDON, & RUGG, JJ.

*Deed,* Delivery.   *Equity Jurisdiction,* To remove cloud on title.

If the owner of land executes an absolute deed of it without consideration, in order that the grantee may execute a mortgage of the land to secure money lent to the grantor, and has the deed recorded but retains possession of it, and the grantee at the request of the grantor executes the desired mortgage, the making of the mortgage constitutes an acceptance of the deed and the title passes to the grantee without any manual delivery of the instrument.

If the owner of land conveys it by an absolute deed to his brother in law without consideration, in order that the grantee may execute a mortgage of the land to secure money lent to the grantor, and has the deed recorded, and the grantee at the request of the grantor executes the desired mortgage, and afterwards refuses to reconvey the land to the grantor, the grantor cannot maintain a suit in equity against the grantee to have the deed cancelled as a cloud upon the plaintiff's title and to have it declared void except as against the mortgagee and those claiming under him.

BILL IN EQUITY, filed November 23, 1905, as follows:

" 1.   On or about the first day of January, 1898, the plaintiff, being desirous of, and for the purpose of, raising money upon the security of the land hereinafter mentioned, without doing so in his own name, caused to be written out a certain writing or instrument in the form of an ordinary warranty deed, a copy of which is hereto annexed, purporting to convey the land therein mentioned, to the defendant, with the intent and purpose that the defendant who was his brother-in-law, should, in his own name, execute a mortgage of said land, but for the benefit of the plaintiff.

" 2.   Said writing or instrument was never delivered to the defendant, or to any person for him, but the same has always been retained in the possession of the plaintiff, except that the same was sent to the registry of deeds for the southern district of the county of Essex, to be recorded.

" 3. Said writing or instrument is recorded with Essex, South District, Deeds, in book 1537, page 6.

" 4. The defendant never gave the plaintiff any consideration for the transfer of said land.

" 5. Said land was never conveyed to the defendant and the plaintiff still retains possession, and always has retained possession, of the said land, and has always received all the rents and profits of the same.

" 6. The defendant, after the making of said writing, to enable the plaintiff to raise money and for the purpose aforesaid, and for the benefit of the plaintiff as aforesaid, executed to the Newburyport Co-operative Bank, a corporation duly established by law and having its usual place of business at said Newburyport, a mortgage of said land to secure the payment of the sum of twelve hundred dollars, and the plaintiff received said sum from said bank.

" 7. Said mortgage is recorded with Essex, South District, Deeds, book 1688, page 593.

" 8. The plaintiff has paid the interest on said mortgage and divers sums on account of the principal, and has paid all taxes, assessments, insurance, and other expense in or about or on account of said land.

" 9. Said writing or instrument, recorded as aforesaid, a copy of which is duly annexed, as aforesaid, constitutes a real cloud on the title of the plaintiff to the land therein described.

" 10. The defendant has been to no expense whatever in or about said land, and has done nothing whatever in the matter, except to execute said mortgage and the note accompanying it.

" 11. The defendant refuses to reconvey said land.

" Wherefore the plaintiff prays —

" 1. That said writing or instrument may be ordered to be cancelled and adjudged void and of no effect, except as against the said mortgage and persons claiming by, through or under said mortgage.

" 2. That it may be adjudged and decreed that the defendant has no title in said land.

" 3. That the defendant may be perpetually enjoined from making or attempting to make any conveyance of said land other than to the plaintiff or his order.

"4. For such further and other relief as the nature of the case may require." *

The defendant demurred to the bill, and alleged as causes of demurrer:

First. That the plaintiff's bill sets forth no cause for equitable relief.

Second. That if the plaintiff is seeking to enforce a contract for the sale of land, tenements or hereditaments, or of any interest in or concerning them, he has alleged no promise, contract, agreement, memorandum or note thereof in writing signed by the defendant whom he seeks to charge or by any person thereunto by him lawfully authorized as is required by R. L. c. 74, § 1.

Third. That if the plaintiff is relying upon an express trust, it appears to be a trust concerning land, not being such as may arise or result by implication of law, and the plaintiff has not alleged any instrument in writing, signed by the defendant or by the attorney for the defendant, creating or declaring the trust as is required by R. L. c. 147, § 1.

Fourth. That the plaintiff has not alleged the facts upon which the allegation of non-delivery of the deed in question is based with that certainty and definiteness that the rules of pleading require.

In the Superior Court *Aiken*, C. J. sustained the demurrer, and made a decree for the defendant. The plaintiff appealed.

*H. I. Bartlett,* (*A. Withington* with him,) for the plaintiff.

*N. N. Jones,* for the defendant.

BRALEY, J. The plaintiff rests his claim to equitable relief upon the ground that the deed not having been delivered the defendant never became seised of the land, and the principal averments of the bill are, that for his own advantage he caused the deed to be made and recorded to enable the defendant to execute a mortgage of the land, which accordingly was done. If the making, recording, and subsequent retention of the deed by the grantor are acts consistent with his continued ownership,

---

* The plaintiff did not seek to recover the value of the land subject to the mortgage on the ground that the defendant had made an oral promise to reconvey it which he could not be compelled to perform on account of his setting up the statute of frauds. See *Cromwell* v. *Norton, ante,* 291.

it is settled that manual delivery of the instrument is not required to work a transfer, for acts of the grantee showing acceptance, when coupled with a purpose of the grantor to treat the deed as delivered, are sufficient to pass the title. *Harrison* v. *Phillips Academy*, 12 Mass. 456, 460. *Hedge* v. *Drew*, 12 Pick. 141. *Mills* v. *Gore*, 20 Pick. 28, 38. *'Regan* v. *Howe*, 121 Mass. 424, 426. *Snow* v. *Orleans*, 126 Mass. 453, 457. *Meigs* v. *Dexter*, 172 Mass. 217. The express object of the conveyance was to invest the defendant with authority to convey the fee in mortgage, and the deed could not be effectual for this purpose and immediately thereafter become inoperative, for if the defendant once acquired title his title was not terminated by the execution of the mortgage. Upon its face, with the knowledge of the plaintiff, the mortgage purported to be the sealed instrument of the defendant, presumably with the usual covenants of warranty, and the acts of the plaintiff in placing the deed upon record, and then asking for the making, execution and delivery of the mortgage were concurrent. The plaintiff's case then must rest upon one of two theories, either the act of the defendant in mortgaging the property was intended to be purely that of a volunteer without any legal title, or the making and recording of the deed was for the express purpose of enabling him to give a valid mortgage. It is not to be presumed that the plaintiff intended to perpetrate a fraud upon the mortgagee by causing it to appear of record that the defendant was the owner, when in fact the title had not passed, even if under R. L. c. 127, § 5, as between himself and the mortgagee the mortgage would have been valid. *Stiff* v. *Ashton*, 155 Mass. 130, 133. The statute is intended to protect an innocent mortgagee who deals with the apparent owner of record, although subsequently it appears that the mortgagor was not actually seised at the time, and its provisions cannot be invoked by a landowner to prevent a change of title which otherwise had been effected at common law. The making of a conveyance in fee to empower the grantee to make another conveyance of a like estate legally includes on the part of the grantor the intention to treat the deed as conveying title, and hence as delivered, and while no person can be made an involuntary grantee and have a conveyance of land thrust upon him, assent may be shown by his conduct, and the subsequent convey-

ance by the defendant was an unequivocal act of acceptance. *Regan* v. *Howe, ubi supra.* *Gould* v. *Day,* 94 U. S. 405.

In *Barnes* v. *Barnes,* 161 Mass. 381, relied upon by the plaintiff as a binding authority in his favor, the plaintiff executed and recorded a deed to the defendant, intending at the time to pass the title, but after record received and retained possession of the deed. Some time after he informed the defendant of its existence, and spoke of the land as hers, and so far as possible she assented, but it was held that the conveyance never became operative, as the unexpressed intention of the grantor at the time of record did not constitute a delivery. But the present case goes much farther by showing affirmative acts participated in by both parties, which recognized a transfer of the title, even if a gift was not intended.

The instrument having been delivered and accepted, the plaintiff is estopped by his covenants from claiming the legal title, and the demurrer was rightly sustained. *Nourse* v. *Nourse,* 116 Mass. 101.

*Decree affirmed.*