FRANCIS H. BLACKWELL *vs.* MARY J. BLACKWELL.

Suffolk.   May 13, 1907. — June 20, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, SHELDON, & RUGG, JJ.

*Deed,* Delivery.   *Agency.   Husband and Wife.   Equity Jurisdiction,* To set aside discharge of mortgage from husband to wife.   *Mortgage,* Of real estate. *Frauds, Statute of.*

*It seems,* that one, who, having executed as grantor a deed of real estate, made no manual delivery of it but with the consent of the grantee retained it in his possession, may be shown to have been the agent of the grantee to accept the delivery of the deed, and that the question of his authority is one of fact.

Where a man makes a deed of real estate to a woman about to become his wife, and with the knowledge and consent of the grantee retains the deed in his possession without making any manual delivery of it, and the grantee at the request of the grantor executes and delivers a mortgage of the property to him, whereupon he has the deed and the mortgage recorded, and later the grantee takes possession of the property and assumes control of it with the apparent consent of the grantor, the assertion of title by the grantee in her act of executing and delivering the mortgage is an acceptance of the deed by her, and the acceptance of the mortgage by the grantor shows his intention that the deed should take effect.

Where a man upon consideration of marriage makes an oral agreement with the woman he is about to marry to discharge after their marriage a mortgage which he holds upon her real estate, and after marriage performs his agreement by executing a discharge of the mortgage, the fact that under R. L. c. 74, § 1, cl. 3, his oral agreement might not have been enforceable against him, affords him no ground for rescinding the transaction and avoiding his discharge of the mortgage.

Whether the discharge of a mortgage held by a husband on real estate of his wife executed by the husband to the wife would be void, if the note secured by the mortgage was a valid note of a third person and was in force when the discharge was executed, it here was not necessary to consider.

In a suit in equity to set aside and cancel a discharge of a mortgage of real estate executed by the plaintiff to the defendant, where the plaintiff was a man and the defendant was a woman who had been the plaintiff's wife and from whom he then was divorced, it appeared that before and in contemplation of their marriage the plaintiff conveyed to the defendant the real estate covered by the mortgage, that he took the note and mortgage to the defendant and told her that he was giving her all his real estate and thought that a husband ought to give his wife the home, that this was the best he could do for her, and that he wanted her to sign the note and execute the mortgage to him as protection for himself until the marriage, when it would be discharged, and that in accordance with this promise he after their marriage executed and recorded the discharge which he now sought to have set aside on the ground that it was void because given by a husband to his wife.   *Held,* that, even if the note secured by the

mortgage was not invalid originally for lack of consideration, or, assuming its antecedent validity, if it did not become a nullity upon the marriage, the plaintiff showed no ground for relief, having executed the discharge voluntarily in pursuance of a moral obligation to perform a promise which might not have been enforceable against him.

BILL IN EQUITY, filed in the Supreme Judicial Court on March 30, 1906, to remove a cloud from the plaintiff's alleged title to certain parcels of real estate in that part of Boston called Allston, by the cancellation of a deed made by the plaintiff to the defendant, whom he soon after married and from whom he later obtained a divorce, and to compel the defendant to execute a release of the premises to the plaintiff, and in the alternative that a note and mortgage given by the defendant to the plaintiff be declared to be still in force in spite of a discharge of the mortgage executed by the plaintiff, and that such discharge be declared to be null and void, for an injunction and for further relief.

The case was heard by *Rugg*, J., who made a final decree that the bill be dismissed with costs to the defendant. The plaintiff appealed, and at the request of the plaintiff the justice, in accordance with R. L. c. 159, § 23, reported the material facts found by him, which are stated in substance in the opinion.

The case was submitted on briefs.

*H. T. Lummus & C. N. Barney*, for the plaintiff.

*S. J. Elder, E. A. Whitman & F. E. Bradbury*, for the defendant.

SHELDON, J. In April, 1889, the plaintiff, being then engaged to be married to the defendant and having in his hands a considerable amount of money belonging to her, executed a deed to her of certain real estate which he owned subject to some outstanding mortgages. He also caused to be drawn a note for $8,000 and a mortgage of the same real estate to secure this note, both running from her to himself, took them to the defendant and procured her to execute them, promising to discharge them upon the marriage. He then caused both deed and mortgage to be recorded, took them both from the registry of deeds to his own office, and has since kept possession of them. The deed never has been actually handed to the defendant;

and the first question raised upon the plaintiff's appeal from the decree of a single justice dismissing his bill is whether it could properly be found that this deed had been delivered to the defendant.

If the deed was delivered to and accepted by the defendant, it is of no consequence whether it was given to her by the plaintiff in consideration of her money in his hands, or in consideration of the marriage which was intended to be, and which soon after was solemnized between them, or whether it was a mere gift. In either case, it was an executed transaction; and the plaintiff's contention that under the statute of frauds oral evidence cannot be received to show the consideration or the oral agreement upon which it was made is without merit. The evidence was not received to charge the promisor or to sustain an action brought upon any of the matters stated in R. L. c. 74, § 1. Nor was it offered to vary or affect the provisions of a written agreement, nor was it given any such effect.

The justice found that the plaintiff sold the boarding house which the defendant had kept, foreclosed a mortgage upon furniture for her, had for a time from before their marriage until two years or more thereafter possession of all papers of value and substantially all the property belonging to her, and generally had acted as her agent in all financial matters. Upon these facts and what has been stated as to the deed and mortgage and the other facts in evidence, the justice found that the plaintiff was the defendant's agent in accepting the delivery of the deed.

The plaintiff contends that as matter of law the grantor cannot be the agent of the grantee to accept delivery of the deed. But in our opinion this contention cannot under all circumstances be sustained. As an unqualified proposition it often has been denied in other jurisdictions. *Xenos* v. *Wickham,* L. R. 2 H. L. 296. *Harris* v. *Saunders,* 2 Strob. Eq. 370, note. *Rushin* v. *Shields,* 11 Ga. 636. *Wall* v. *Wall,* 30 Miss. 91. *Hildebrand* v. *Willig,* 19 Dick. 249. *Farrar* v. *Bridges,* 5 Humph. 411. *Williams* v. *Williams,* 148 Ill. 426. *Whiting* v. *Hoglund,* 127 Wis. 135. *Stevens* v. *Hatch,* 6 Minn. 64. *Ford* v. *Boone,* 32 Tex. App. 550. *Hudson* v. *Redford,* 67 S. W.

Rep. 35. *Bunnell* v. *Bunnell*, 111 Ky. 566. *Gray* v. *Ward*, 52 S. W. Rep. 1028. *Kelsa* v. *Graves*, 64 Kans. 777. The delivery of course can be made and accepted as well after recording as before. *Parker* v. *Hill*, 8 Met. 447. We see no reason why, with the consent of his principal, an agent cannot as such accept the delivery of a deed which he has himself made or caused to be made to his principal. This was assumed in *Barnes* v. *Barnes*, 161 Mass. 381, but it was found in that case that the grantor never had held the deed as the agent of the grantee or in her behalf. And see *Brabrook* v. *Boston Five Cents Savings Bank*, 104 Mass. 228, 232. He was her general agent as to all her financial concerns and as to all matters connected with the possession and care of her papers of value and her property. As in *Moore* v. *Hazleton*, 9 Allen, 102, his retaining possession of the deed was in perfect accordance with the nature of his agency. Here, as in that case, it appears from the recital of the deed itself that it was executed and delivered in the presence of a subscribing witness. As was said in that case by Gray, J., on page 106 : " When an instrument of conveyance is sealed and delivered with an intention on the part of the grantor that it should operate immediately, and there is nothing to qualify the delivery but keeping the deed in the hands of the grantor, it is a valid and effectual deed in law and equity." *Atkins* v. *Atkins*, 195 Mass. 124.

In this case the plaintiff's intention that his deed should operate immediately is shown by the fact that he took back a mortgage upon the same property as a part of the same transaction, and caused both deed and mortgage to be recorded together, and for some time retained the mortgage as a valid security. *Creeden* v. *Mahoney*, 193 Mass. 402. *Van Auken* v. *Mizner*, 90 N. W. Rep. 637. And the defendant's execution and delivery of the mortgage to the plaintiff was a sufficient acceptance of the deed on her part. It was an assertion of title by her. *Creeden* v. *Mahoney*, *ubi supra*. *Stout* v. *Dunning*, 72 Ind. 343. *Taylor* v. *McClure*, 28 Ind. 39. *Williams* v. *Smith*, 60 S. W. Rep. 940. *Whitaker* v. *Whitaker*, 175 Mo. 1. Her afterwards taking possession and assuming control of the property with his apparent assent lead to the same conclusion. *Taylor* v. *Smith*, 61 App. Div. (N. Y.) 623. *Horner* v. *Lowe*, 159 Ind. 406. *Shepley* v.

*Leidig*, 189 Ill. 197.   *Williams* v. *Williams*, 148 Ill. 426.   *Ward*
v. *Small*, 90 Ky. 198.   *Harris* v. *Shirley*, 3 J. J. Marsh. 22.
*Shoptaw* v. *Ridgway*, 60 S. W. Rep. 723.

It follows that the plaintiff cannot maintain his bill for the
cancellation of his deed to the defendant.   But he also asks that
the note and mortgage given to him upon the same property by.
the defendant be declared to be still in force and to constitute a
valid lien upon the property, and that his discharge thereof be
cancelled.

The plaintiff procured the defendant to sign the note and
mortgage when he made the conveyance to her, upon his promise
that he would discharge it after their marriage ; and it was in
order to carry out and complete the antenuptial agreement or
arrangement between them that he executed the discharge and
caused it to be recorded.   It well may be that his promise,. made
in consideration of the intended marriage, could not have been
enforced, under R. L. c. 74, § 1, cl. 3 ; but it was nevertheless a
valid promise, the performance of which, after it has been actu-·
ally performed, cannot be avoided or retracted by the promisor.
Any contract coming within the scope of this section of the stat-
ute of frauds, after it has once been performed, must be regarded
as a valid contract in all its terms, and cannot be treated as hav-
ing been inoperative.  *DeMontague* v. *Bacharach*, 187 Mass. 128.
*King* v. *Welcome*, 5 Gray, 41.   *Stone* v. *Dennison*, 13 Pick. 1.
And for the reasons heretofore stated, it might be found that
there was a sufficient delivery of this discharge.

But the plaintiff contends that the discharge was invalid be-
cause it was given by a husband to a wife.   Ames, J. in *Tucker*
v. *Fenno*, 110 Mass. 311, 312.   He contends that it could oper-
ate to release the indebtedness and the mortgage which secured
it only by way of contract, and that contracts between husband
and wife are void in this Commonwealth, even in equity.  *Clark*
v. *Royal Arcanum*, 176 Mass. 468.   *National Granite Bank* v.
*Tyndale*, 176 Mass. 547.   *Caldwell* v. *Nash*, 190 Mass. 507.   But
we do not think it necessary to consider this question.   This
mortgage was given to secure the defendant's own note, not that
of a third person, as in *Bemis* v. *Call*, 10 Allen, 512.   It was
given to be held as a protection to the plaintiff until the ex-
pected marriage, when he promised to discharge it.   Since the

marriage it never has been treated as an existing demand. At common law it would have been extinguished by the marriage. The findings of the single justice * are fatal to any contention that it was given in consideration of the conveyance to the defendant. Under these circumstances it would seem that the note was originally invalid for lack of consideration. If it had any antecedent vitality, it may be doubted whether it did not become a nullity upon the marriage, and in that case the mortgage, not securing any valid indebtedness, was also a nullity and cannot be reinstated as a valid lien upon the property. *Chapman* v. *Kellogg,* 102 Mass. 246. *Abbott* v. *Winchester,* 105 Mass. 115.

But however this may be, we are satisfied that the plaintiff has shown no ground for equitable relief. He executed and recorded this discharge voluntarily, without any request, importunity or influence of any kind from the defendant. He acted under no mistake, and no fraud of any kind was practised upon him. What he did was done in pursuance of a moral obligation and in the performance of a promise which, even if unenforceable by legal proceedings, was yet in no way illegal or contrary to public policy. No creditor of his appears to have suffered. He simply regrets what he has freely and voluntarily done, and asks the aid of a court of equity to undo it. We know of no principle upon which this relief should be given to him.

*Decree affirmed.*

---

* The findings referred to were as follows : " This note and mortgage he took to the defendant, and told her, in substance, that he was giving her all his real estate and thought that a husband ought to give to his wife the home and make as large provision for her as he could; that his health was such that he could get no insurance on his life for her, and that this was the best he could do for her, and that he wanted her to sign the note and execute the mortgage as protection for himself until the marriage, when it would be discharged."