MARGARET T. SEXTON *vs.* MARY F. PRENDERGAST.

Worcester.    September 22, 1931. — October 5, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Deed*, Delivery.    *Election.*

Where a deed of land was executed without consideration upon an oral agreement by the grantee to reconvey the land to the grantor upon request, and the parties went together to the registry of deeds, where the deed was recorded, a conclusion was proper that there was delivery of the deed although it was mailed from the registry to the grantor and thereafter remained in his possession.

Where, nearly twenty years after land was conveyed without consideration upon an oral agreement by the grantee to reconvey to the grantor upon request, the grantor commenced a suit in equity in which he sought to have the grantee ordered to reconvey the land to him, and later, after expiration of the twenty years, he amended the suit into an action at law in which he alleged that the grantee had refused to convey to him upon his request, and the declaration concluded, "Wherefore, the plaintiff says the defendant owes . . . [him] the value of said property," it was *held*, in a writ of entry brought by the grantee against the grantor in the Land Court and heard while the action at law was pending, that the claim made by the grantor in the action was inconsistent with a claim, made by him as respondent in the writ of entry, that he was the owner of the land; and that the amendment by the grantor constituted an election binding on him and justifying a decision by a judge of the Land Court in favor of the grantee.

WRIT OF ENTRY, dated October 14, 1930.

The case was heard in the Land Court by *Corbett*, J. Among findings by the judge were the following: "The grantee, as well as the grantor, were present at the time [the deed was drawn]. Both went to the registry of deeds. The grantor testified that she paid the recording fee. On the back of the deed are the words written with lead pencil 'mail 1 grantee' and above that in a different handwriting is '#7 Blanche Street'. The first words evidently were written by an official or employee in the registry. The number 1 after the word 'mail' means 'one' instrument to be mailed. The street and number was the address of the grantor. There was no evidence as to who wrote that address. The residence of the grantee was on the opposite side of Blanche Street at number 14. As the deed has been in the possession of the grantor, I assume it was mailed to #7 Blanche Street, but whether addressed to the grantee or the grantor does not appear."

Other material findings by the judge are stated in the opinion. He found for the demandant. The tenant appealed.

*J. J. Moynihan*, for the tenant.

*C. W. Proctor*, for the demandant.

CARROLL, J. This is a writ of entry dated October 14, 1930, brought in the Land Court. The plea is *nul disseisin* with a claim of title by adverse possession. The demandant and tenant are sisters. The tenant, in November, 1909, executed a deed of the property to the demandant, without consideration, upon the oral agreement that the demandant would reconvey the real estate to the tenant at her request. The judge of the Land Court found that there was a delivery of the deed. The parties went together to the registry of deeds, and although the deed was mailed to the grantor and has remained in her possession, the finding of the judge that it was the intention of the grantor to deliver the deed, that it was delivered, is to stand, as the evidence is not reported. See *O'Kelly* v. *O'Kelly*, 8 Met. 436; *Creeden* v. *Mahoney*, 193 Mass. 402.

The tenant's contention is that she acquired title by

adverse possession. She has been in possession of the premises from the date of the conveyance to the present, occupying one of the apartments in the house and collecting the rent from the tenants of the remaining two apartments. She made repairs and paid the taxes, as well as the interest on the first and second mortgages. In April, 1910, she paid the second mortgage and it was discharged of record. Of the money paid to the mortgagee, $1,000 was a gift to the tenant from her mother, and the balance due on the mortgage was paid from the tenant's money. It was found that the tenant at times asked the demandant to reconvey the property; that the demandant never refused to do this until the death of their mother in 1928, when she said she would give the tenant a deed on payment of $1,200, which the demandant contended she had paid to discharge the second mortgage.

It further appeared that in May, 1929, the tenant brought a suit in equity against the demandant seeking to prevent her from transferring the real estate and asking that she be ordered to convey the property to the tenant. This suit was amended by the tenant into an action of law on October 14, 1930, in which the declaration alleged that the plaintiff, the tenant here, was the owner of the real estate; that she conveyed the property to her sister without consideration upon her oral promise to convey the estate to the plaintiff upon her request; that the defendant has refused to convey the property as requested, "Wherefore, the plaintiff says the defendant owes her the value of said property." This suit in equity, as amended into an action of law, is still pending.

In the present case the judge found for the demandant; he found and ruled that the tenant by amending her suit in equity into an action at law to recover the value of the property, with knowledge of the facts, assented to the title of the demandant.

The decision of the judge was right. It could have been found that, by electing to collect the value of the premises from the demandant, the tenant recognized her as the owner; that her refusal to convey to the tenant according

to the oral agreement constituted a failure of consideration; that the remedy sought in the action at law was inconsistent with the tenant's contention of title to the property by adverse possession. Where one action is founded on the disaffirmance of a contract, and another action rests on its affirmance, a decisive act of disaffirmance of the contract, if done with knowledge of the facts, determines the legal rights of the parties. The institution of the action at law to recover the value of the property was inconsistent with the contention that the tenant was the owner of the property; and the commencement of the action at law based on the title of the then defendant is such a decisive act as to make the election binding on the tenant. *Butler* v. *Hildreth*, 5 Met. 49. *Connihan* v. *Thompson*, 111 Mass. 270, 272. *Frisch* v. *Wells*, 200 Mass. 429.

*Miller* v. *Hyde*, 161 Mass. 472, is relied on by the tenant. That case is to be distinguished. There the remedies sought were not inconsistent; here the action for the value was inconsistent with the contention that title was still in the tenant; and it could have been found, as found by the Land Court, that the tenant by her action took the position that the consideration had failed, that title was in her sister, that payment for the property should be made the tenant, that the bringing of the action for payment of the value of the real estate is inconsistent with the claim that the property is owned by the party demanding its value.

There is nothing in *Endicott* v. *Haviland*, 220 Mass. 48, in conflict with what is here decided.

*Decision affirmed.*