JOHN A. JUCHNO & others *vs.* MAX TOTON & others.

Hampden. September 24, 1958. — January 13, 1959.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN, & CUTTER, JJ.

*Deed*, Acceptance.

A record, showing that after a father executed a deed of his house and land to his two sons which was recorded and then mailed to one of the sons at the house the sons gave a mortgage of the property to a creditor of the father, but stating that "there was . . . evidence that neither . . . [son] ever knew that . . . [the father] had given them" the deed of the property until after his death about a year after the giving of the mortgage, presented questions of fact whether the sons knew of the deed when they gave the mortgage and so whether they accepted the deed by giving the mortgage.

WRIT OF ENTRY in the Land Court dated July 10, 1947.

Jury issues were tried in the Superior Court before *Leary, J.*

*Joseph E. Kerigan,* for the demandants.

*Joseph A. Nowak,* (*Herman Ritter* with him,) for the tenants.

SPALDING, J. This is a writ of entry brought in the Land Court by Mary Markiewicz Johnston Juchno, hereinafter called the demandant,[1] to gain possession of two parcels of real estate in West Springfield of which she alleged she was seized in fee. In their answer the tenants claimed ownership in fee through a duly recorded deed to them dated April 21, 1936, from their father, Joseph Toton.

On the demandant's motion the following jury issues were framed: "(1) Was the demandant entitled to possession of the premises described in the demandant's writ dated July 10, 1947? (2) What amount, if any, is due the demandant

---

[1] She died after trial of jury issues in the Superior Court, and John A. Juchno and others were substituted for her as demandants.

for rents and profits or other damages?"    See G. L. c. 185, § 15.

At the trial of these issues in the Superior Court the judge, on motion of the tenants, directed the jury to return answers of "No" to the first question and "None" to the second, subject to the demandant's exception.    The correctness of this action is the sole question for decision.

The evidence most favorable to the demandant may be summarized as follows:    Prior to November, 1934, Joseph Toton was the owner of the real estate in question which consisted of one parcel of about four acres of farm land upon which stood a house and barn, and another parcel of about three and one half acres.    Joseph was a widower and had two sons, Max and Henry (the tenants in this proceeding), who were at that time unmarried and in their early twenties.    The demandant had been employed as housekeeper by Joseph for a period of thirteen years.    She left this employment in October, 1934.    A month later she sued Joseph for money lent and services rendered.    On March 13, 1936, the demandant obtained a judgment against Joseph in the sum of $1,981.70; execution issued thereon on the following day.    Thereafter a purported execution sale was made at which the demandant was the purchaser.    For reasons not here material, Mr. Ritter, Joseph's attorney, informed him that the execution sale was invalid — and the correctness of this advice is not controverted[1] — and advised him to transfer the property to Max and Henry.    Mr. Ritter thereupon prepared a warranty deed of the property running to Max and Henry which was executed by Joseph. Neither Max nor Henry had anything to do with this transaction.    The deed was recorded on April 28, 1936, by Mr. Ritter who ordered the register to mail the deed to Max. The deed was mailed to Max at the house on the premises here involved.

On December 13, 1937, Max and Henry gave a second mortgage of the property to one Higgins (who then held a

---

[1] In a writ of entry brought by the demandant in the Land Court in 1937 it was adjudicated that the execution sale was void.

first mortgage on the property) in the sum of $663 in payment of a grain bill owed to Higgins by Joseph.[1] "There was . . . evidence that neither Max nor Henry . . . ever knew that . . . Joseph . . . had given them a . . . deed of the real estate in question" until after Joseph's death. Joseph died on December 29, 1938.

On June 9, 1945, an administratrix of Joseph's estate was appointed on the petition of the demandant as a creditor. The Probate Court granted to the administratrix a license to sell the real estate here involved and after personal notice to the tenants it was sold to the demandant as the highest bidder for $200. A deed of the property was given by the administratrix to the demandant. Whatever right the demandant has to the property is derived from this deed.[2]

The issue here is a narrow one. Viewing the facts in the light most favorable to the demandant, was there a question for the jury as to the acceptance by Max and Henry of the deed to them from Joseph?

The recording of a deed without the knowledge or consent of the grantee is not effective to pass title; a deed becomes effective only upon its acceptance by the grantee. *Harrison* v. *Trustees of Phillips Academy*, 12 Mass. 456, 461. *Samson* v. *Thornton*, 3 Met. 275, 281. *Meigs* v. *Dexter*, 172 Mass. 217, 218. *Bianco* v. *Lay*, 313 Mass. 444, 447–448. The acceptance may be actual or it may be implied from the grantee's conduct. *Hawkes* v. *Pike*, 105 Mass. 560, 562. *Creeden* v. *Mahoney*, 193 Mass. 402, 404–405. *Blackwell* v. *Blackwell*, 196 Mass. 186, 189. In the case at bar there was no evidence of actual acceptance of the deed from Joseph by Max and Henry. If there was an acceptance it must be implied from their conduct. But there can be acceptance by conduct only if the grantee had knowledge of the conveyance at the time he acted.

---

[1] The rights of the holder of the second mortgage are not before us; the record, except to the extent indicated above, reveals nothing as to that matter.

[2] No part of the original judgment obtained by the demandant has ever been paid. A suit on that judgment in 1947 resulted in another judgment in the sum of $3,905.06, no part of which has been satisfied.

Here it is not disputed that Max and Henry, the grantees, gave a second mortgage on the premises over a year after their father executed a deed to them. In *Creeden* v. *Mahoney,* 193 Mass. 402, 405–406, the question was whether a deed had been accepted by the grantee. Although there was no evidence of actual acceptance there was evidence that after the making of the deed to him the grantee mortgaged the property to a third person. It was held that the giving of this mortgage by the grantee was an "unequivocal act of acceptance" of the earlier conveyance to him. To the same effect is *Blackwell* v. *Blackwell,* 196 Mass. 186, 189 (subsequent mortgage by grantee). The tenants argue that this principle is controlling here. But there is nothing in the *Creeden* case that indicates that the grantee had no knowledge of the earlier conveyance and it is reasonable to infer that he had knowledge. In the *Blackwell* case it appears that the grantee knew of the conveyance to her before she executed the mortgage. Thus the holding in those cases, when considered in the context of their facts, is not as broad as the tenants contend. The correct rule — and it is not inconsistent with the *Creeden* and *Blackwell* cases — is this: The giving of a subsequent conveyance by the grantee is an unequivocal act of acceptance of an earlier conveyance to him if, and only if, he had knowledge of the earlier conveyance at the time he acted.

It might be said that an act (such as the giving of a mortgage) exercising dominion or control over the premises granted of itself imports knowledge on the part of the actor of an earlier conveyance to him. Certainly the inference which more nearly conforms to common experience is that one so acting knows that he has title to the land to which his acts are directed;[1] proof, therefore, of such an act of dominion or control would have considerable probative value on the question of the actor's knowledge. However, this inference is weakened when the party asserting that

---

[1] Other inferences available are that the actor was a stranger to the title, or that he acted to accommodate the owner, whose purposes were unrevealed to him.

there was no acceptance introduces evidence that the grantee had no knowledge of the conveyance to him when he performed the act of dominion or control over the property.

Here there was evidence that neither Max nor Henry knew that Joseph had given them a deed of the property in question until after his death. Joseph died about a year after Max and Henry signed the mortgage. And there is the added fact that the mortgage was given to secure a debt of the father. Thus there was conflicting evidence on the question of whether Max and Henry had knowledge of the deed when they signed the mortgage. This presented a question of fact for the jury as to whether they had accepted the earlier conveyance to them. We intend no intimation that it would have been open to the demandant to establish lack of acceptance of the deed as against one who had in good faith purchased the property from Max and Henry in reliance on the record title; that would present a very different question. The granting of the tenants' motion for directed answers to the questions framed for the jury, therefore, was erroneous.

*Exceptions sustained.*