FRANCIS X. LAFLAMME vs. CHARLOTTE M. LAFLAMME.

Berkshire.    September 29, 1960. — November 30, 1960.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, & CUTTER, JJ.

*Deed,* Acceptance.

A deed by a wife of real estate owned solely by her to herself and her
husband as joint tenants was effective even though it was never deliv-
ered to the husband but was merely recorded and returned to her, where
it appeared that she executed the deed to induce him to contract for
substantial repairs on the property, that he did so, and that with knowl-
edge of the deed he paid taxes on the property and paid for other re-
pairs thereof.

PETITION, filed in the Probate Court for the county of
Berkshire on November 16, 1959.

The case was heard by *Hanlon, J.*

*George N. Tobia, (John N. Alberti* with him,) for the re-
spondent.

*J. Norman O'Connor, (Walter J. Donovan* with him,) for
the petitioner.

WILKINS, C.J.    This is a petition for partition of real
estate.    The probate judge found that the petitioner owns
an undivided one-half interest in the real estate, which con-
sists of land and a dwelling house in Adams.    From a de-
cree ordering partition the respondent appealed.

The parties were husband and wife until divorced by a
decree which became absolute on September 26, 1959.    On
December 2, 1952, the respondent, the sole owner, executed
a deed to herself and her then husband as joint tenants.
The report of the material facts found by the judge, as am-
plified pursuant to our orders, is a complete answer to the
respondent's arguments.    She executed the deed with a
purpose to induce the petitioner to contract for substantial
repairs on the property.    This the petitioner did.    With
knowledge of the deed he also paid taxes and for other re-
pairs until November, 1958.

The judge found that the deed was recorded (see G. L. c. 209, § 3) and returned to the respondent, but was never delivered to the petitioner. In the circumstances this was unnecessary. Retention of the deed by the respondent, the joint owner who had caused it to be sent to the registry, was entirely consistent with the purpose of the transaction. The findings come close to indicating an express acceptance. In any event, the acts of the grantee, when coupled with the purpose of the grantor to treat the deed as delivered, were sufficient to pass title. *Creeden* v. *Mahoney,* 193 Mass. 402, 404–405. *Atkins* v. *Atkins,* 195 Mass. 124, 128. *Sullivan* v. *Hudgins,* 303 Mass. 442, 447. *Juchno* v. *Toton,* 338 Mass. 309, 311. Am. Law of Property, §§ 12.64, 12.74. See 16 Am. Jur., Deeds, § 150; 26 C. J. S., Deeds, § 49.

*Decree affirmed.*